STATE OF MISSOURI, EX REL. JOHN F. WRIGHT, BY JOHN W. SHOTWELL, GUARDIAN AND CURATOR, Respondent, v. RUTH MILLER, Appellant.

Kansas City Court of Appeals, May 25, 1885.

1. DEVISEE OR LEGATEE—WHETHER LIABLE FOR DEBTS OF TESTATOR

Prior to 1879.—"A devisee is not liable on the bond of his devisor as an heir is on that of his ancestor. This was the rule at common law, and it has not been altered by Wag. Stat., sect. 7, p. 1352, or by any other statute of this state." Syllabus in *Sauer v. Griffith*, 67 Mo. 654. Such, too, was the common law as to *legatees*. "There is no principle of the common law which has been more uniformly recognized by elementary writers and jurists than that which precludes a creditor of the testator from maintaining an action against the devisees of lands or the legatees of chattels." *Rogers v. Farrar* 6 T. B. Monroe (Ky.) 422.

2. ———— Changes by Legislation of 1879—Scope and effect of.—It is not clear that the statutes of this state, as amended in 1879, change the common law as to legatees. See sect. 3944, Rev. Stat., Mo. 1879. It is against *devisees* and not *legatees* that the remedy is given by the act. Each of these terms has a technical signification and should be taken in their technical sense. *Devisee* in its technical sense means one to whom land or other real estate is devised; *legatee* one to whom chattels are bequeathed. *Rogers v. Farrar*, 6 T. B. Monroe (Ky.) 422.

Appeal from Buchanan Circuit Court, Hon. G. D. Burgess, J.

*Reversed and petition dismissed.*

The facts are sufficiently stated in the opinion of the Court.

William Heren & Son, for the appellant.

I. The two main points in this case are: (1) The bar of the judgment set up in the answer. (2) Whether defendant as *devisee* and *legatee* is liable on the guardian and curator's bond, on which her devisor and grantor, Robert G. Miller, was one of the securities for Andrew J. Harlan, the principal in the bond. As to the *bar* of the judgment, it was admitted by plaintiff in open court, that a suit had been brought on a subsequent bond of said Harlan, as guardian of said ward, alleging the same breaches that are alleged in this suit, and that a judgment of five hundred dollars had been rendered on that bond, and that the same had been fully satisfied. Plaintiff could not compromise by receiving what is agreed to be the whole debt, and then prosecute other joint debtors

for the same debt.   Also the court erred in admitting the annual settlements of Harlan against the securities as evidence against the objection of defendant.   *State use Thornton v. Horton*, 61 Mo. 541.

II.   But the *second* point that the appellant as *devisee* and *legatee*, is not liable on the bond of her devisor and testator is certainly conclusive in this case.   The case of *Sauer v. Griffith*, 67 Mo. 654, is directly in point and is to this full effect.   The legislature in 1879 (sect. 3044), doubtless with a view to change the law held by this court in 67 Mo., amended the statute on the subject, but *this case* is governed by the same law as the case in 67 Mo. 654.

III.   If a *devisee* is not liable on the devisor's bond, upon what principle will a *legatee* be liable upon his testator's bond?   *There is no statute* making him so (*not even as amended in 1879*), and he is clearly not liable at common law.   The same rule applies in case of a *devisee* that applies to a *legatee*.   There is no difference on principle nor by statutory enactment.   In the absence of statutory provision to that effect, there is no case holding a *devisee* or *legatee* bound on the covenants of his ancestor.

IV.   On the other hand it has been much questioned whether the *personalty* can be reached in the *hands of the heir* in the absence of a statute to that effect.   At common law he was clearly not liable.   Campbell, case 2, Bland's Chcy. (Md.) p. 209.   In New Hampshire, where there was a statute extending the liability on the covenants of the testator to the *heir* and *devisee*, it was *held* that the liability did not extend to the *legatees*. *Hall v. Martin* in Am. Law Register, vol. 6, p. 757.   And in that state the provisions of 3 Wm. and Mary, ch. 14, were in force.   *Tichner v. Harris*, 14 N. H., p. 272.

But the case of *Sauer v. Griffith* was unquestionably decided in accordance with law, and is conclusive of the case at bar, involving precisely the same principles.

No brief on file for respondent.

Opinion by Hall, J.

The defendant in this case is the sole *legatee* and *devisee* of her deceased husband, Robert G. Miller. The estate of the said Robert G. Miller has been fully administered, and Ruth Miller received from said estate, in addition to the land devised to her by her testator, the sum of $1,085.12. The object of this suit is to compel Ruth Miller, as *legatee* and *devisee*, to pay a certain amount claimed to have accrued on a liability against her testator, subsequent to a final settlement by the administrator of the estate, by reason of his being a surety upon the bond of one Harlan, a former guardian and curator of John F. Wright.

There are other questions presented by the record herein, but the only question which we shall consider, is, whether under the statute of this state, at the time of the death of Robert G. Miller, in 1869, a *devisee* or *legatee* could be made liable for the debts of his or her testator.

This question has been settled by the supreme court of this state, and the above question has been answered in the negative, in the case of *Sauer v. Griffith*, 67 Mo. 658. Section 7 of the statute of Uses and Trust ( Wag. Stat., page 1352), in force at the time mentioned above, declared that the heirs and devisees of every person who shall have made any covenant or agreement shall be liable, etc., "in the cases and in the manner prescribed by law." In *Sauer v. Griffith, supra,* Judge Hough, delivering the opinion of the court, said that no provision had been made by law on the subject, and that in this state the subject was governed by the common law, and that at common law the devisee was not bound by the covenants or agreements of his testator, nor could the land be followed in his hands. Such, too, was the common law as to the legatees. "There is no principle of the common law, which has been more uniformly recognized by elementary writers and jurists, than that which precludes a creditor of the testator from maintaining an action, either against the devisee of lands, or the legatee of chattels." *Rogers v. Farrar*, 6 T. B. Mon. 422.

In fact it is not clear that our statutes, as amended in 1879, change the common law as to legatees. See section 3944 of Revised Statutes. "It is against *devisees* and not against *legatees* that that remedy is given by the act. Each of those terms have a technical signification, and should be taken in their technical sense. Devisee, in its technical sense, means one to whom land or other real estate is devised ; legatee, to whom chattels are bequeathed." *Rogers v. Farrar, supra.*

The judgment of the circuit court is reversed, and the petition is dismissed. All concur.